JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IBARRA,<br><br>                Plaintiff,<br><br>    v.<br><br>TOYOTA LOGISTICS SERVICES, INC., *et al.*,<br><br>                Defendants. | Case No. 2:23-cv-03170-FLA (MARx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 9]** |

### RULING

Plaintiff filed the subject Motion to Remand ("Motion") on May 23, 2023. Dkt. 9 ("Mot."). Defendant Toyota Logistics Services, Inc. ("Defendant" or "Toyota") opposes the Motion. Dkt. 17. The court took the Motion under submission on June 15, 2023, finding this matter appropriate for decision without oral argument. Dkt. 19; *see also* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated, the court GRANTS the Motion and REMANDS the action to the Los Angeles County Superior Court, Case No. 23STCV04388.

/ / /

/ / /

## **BACKGROUND**

On February 28, 2023, Plaintiff filed the Complaint in the Los Angeles County Superior Court, asserting four causes of action for: (1) unlawful discrimination based on physical disability in violation of the Fair Employment and Housing Act (the "FEHA," Cal. Gov. Code § 12940, *et seq*.); (2) failure to prevent discrimination in violation of the FEHA; (3) failure to reasonably accommodate a physical disability in violation of the FEHA; and (4) failure to engage in the interactive process in violation of the FEHA.  Dkt. 1-1 ("Compl.").  Defendant removed the action to this court on April 26, 2023.  Dkt. 1 ("NOR").

Plaintiff alleges he has been a full-time employee with Toyota since July 15, 1996.  Compl. ¶ 9.  Plaintiff further alleges he suffered a back injury during his employment, and provided Defendant with a doctor's note on May 27, 2021, that imposed a work restriction against lifting objects that weighed over ten pounds.  Compl. ¶¶ 11–13.  Toyota subsequently assigned Plaintiff to work as a shuttle driver—which was a position he could perform with his work restrictions.  *Id.* ¶ 14.  According to Plaintiff, he was notified by e-mail on August 30, 2021, that Defendant was placing him on an unpaid leave of absence, effective September 4, 2021, due to his disabilities and work restrictions, despite the fact that he was able to perform his duties as a shuttle driver successfully.  *Id.* ¶¶ 18–20.

## **DISCUSSION**

**I.    Legal Standard**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (citing *McNutt v.*

*Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).  In ruling on a motion to remand, jurisdiction is generally determined from the face of the complaint.  *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).  The court may remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

**II.   Analysis**

Defendant alleges the court has subject matter jurisdiction over this action because Plaintiff's claims are inextricably intertwined with the collective bargaining agreement ("CBA") that governed his employment, and preempted under Section 301 of the Labor Management Relations Act ("Section 301," 28 U.S.C. § 185(a)).  NOR at 3–4.[1]  District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Defenses based on federal law, including preemption defenses, do not ordinarily provide a legitimate basis for removal."  *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993).  "In areas where federal law completely preempts state law, however, a claim purportedly based on state law is considered to be a federal claim from its inception; thus, such claims are considered to have arisen under federal law."  *Id.*  "Section 301(a) of the Labor Act provides federal jurisdiction over 'suits for violation of contracts between an employer and a labor organization.'"  *Id.*  "Section 301 completely preempts any state causes of action based on alleged violations of contracts between employers and labor organizations."  *Id.*

"A state-law claim is preempted by section 301 if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement."  *Id.* at 748.  This preemption applies if the claims "are either based upon a collective-bargaining

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers listed natively.

agreement or dependent upon an interpretation of the agreement." *Id.* "Causes of action that only 'tangentially involve' a provision of a collective-bargaining agreement are not preempted by section 301." *Id.* "Nor are causes of action which assert 'nonnegotiable state-law rights … independent of any right established by contract.'" *Id.* (quoting *e.g.*, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)) (internal quotation marks omitted). As the Supreme Court explained:

> Even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes.

*Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10 (1988).

The Ninth Circuit has recognized that an employee's rights under the FEHA are nonnegotiable state-law rights that are not subject to preemption by Section 301. *E.g.*, *Schrader v. Noll Mfg. Co.*, 91 Fed. App'x 553, 555 (9th Cir. 2004) ("We have consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301."); *Ackerman v. W. Elec. Co.*, 860 F.2d 1514, 1517, & n. 2 (9th Cir. 1988) (The FEHA "confers upon employees certain rights not to be discriminated against because of physical handicap or mental condition. Cal. Gov. Code § 12940. That right is defined and enforced under state law without reference to the terms of any collective bargaining agreement."); *Ramirez*, 998 F.2d at 748 ("In every case in which we have considered an action brought under the [FEHA], we have held that it is not preempted by section 301," collecting cases). "That [an employee] might also have separate remedies under the bargaining agreement makes no difference." *Ackerman*, 860 F.2d at 1517; *see also, Lingle*, 486 U.S. at 412–13 ("The operation of the antidiscrimination laws … illustrate[s] the relevant point for § 301 pre-emption analysis that the mere fact that a broad contractual protection against discriminatory—or retaliatory—discharge may provide a remedy for conduct that co-incidentally violates state law

4

does not make the existence or the contours of the state-law violation dependent upon the terms of the private contract.").

Defendant contends Plaintiff was assigned to work as a shuttle driver pursuant to the Modified Work Program provisions of the CBA, which permits "those who are in recovery from a temporary disability" to perform certain light duties until either "recovery is complete, and restrictions have been lifted," or "recovery has ceased to progress." Opp'n at 2–3 (brackets omitted). According to Defendant, "Section 301 preempts Plaintiff's claims because they each revolve around the specific terms of the CBA's provisions governing the Modified Work Program." Opp'n at 9–10. The court disagrees. As pleaded, Plaintiff's rights to a reasonable accommodation and protection against discriminatory discharge under the FEHA were nonnegotiable state-law rights separate from any contractual rights Plaintiff may have additionally obtained through the CBA. *See, e.g.*, *Lingle*, 486 U.S. at 412–13; *Ackerman v. W. Elec. Co.*, 860 F.2d at 1517. The court, therefore, finds Plaintiff's FEHA claims are not preempted by Section 301.

Defendant cites cases including *Madison v. Motion Picture Set Painters and Sign Writers Local 729*, 132 F. Supp. 2d 1244 (C.D. Cal. 2000), and *Armstrong v. WB Studio Enterprises, Inc.*, Case No. 2:19-cv-09587-GW (JPRx), 2020 WL 1967566 (C.D. Cal. Apr. 24, 2020), to argue courts have found Section 301 can preempt FEHA claims under circumstances similar to those presented here. Opp'n at 10. Defendant's cited cases are non-binding district court opinions involving facts and claims distinguishable from the circumstances pleaded here.

In *Madison*, 132 F. Supp. 2d at 1248, the plaintiff asserted claims against his union arguing it: (1) discriminated against its African-American members by negotiating a collective bargaining agreement that allowed employers to "pick and choose" the union members they wished to employ, which he argued allowed them to engage in discriminatory hiring; and (2) discriminated against him by filing a meritless grievance against his employer, regarding the alleged hiring of non-union

5

employees, which reflected badly on him and caused him to receive negative comments including "being called a racist." *Id.* at 1248–50. *Madison* was issued prior to *Schrader*, 91 Fed. App'x 553, and it is unclear whether it reflects good law. To the extent *Madison* remains valid, the facts of that case are distinguishable from the circumstances at hand. Here, unlike in *Madison*, Plaintiff has not filed suit against a union or based his claims directly on his treatment as a union member, under provisions of the CBA. The fact that the CBA may have provided accommodations contractually through the Modified Work Program provisions is insufficient to establish that interpretation of those provisions is necessary to resolve Plaintiff's separate, nonnegotiable state-law rights under the FEHA. *See, e.g.*, *Lingle*, 486 U.S. at 412–13; *Ackerman v. W. Elec. Co.*, 860 F.2d at 1517. *Madison*, thus, is inapposite.

In *Armstrong*, the plaintiff asserted FEHA discrimination and retaliation claims based on the defendants' alleged refusal to rehire the plaintiff as a camera operator on a new television series, after his prior employment with the defendants ended. *Armstrong*, 2020 WL 1967566, at *1. The district court held the *Armstrong* plaintiff's FEHA claims were preempted after determining the plaintiff's qualification for employment required interpretation of the CBA. *Id.* at *4. Here, in contrast, it is undisputed Plaintiff was employed by Defendant when he reported the disability alleged. Unlike in *Armstrong*, a determination of Plaintiff's rights under the FEHA would not require interpretation of the CBA. The court, therefore, will not deny the Motion on this basis.

In sum, the court finds Plaintiff's FEHA claims are not preempted by Section 301. Defendant, thus, fails to establish this court has subject matter jurisdiction over the action.

/ / /

/ / /

/ / /

6

**CONCLUSION**

For the aforementioned reasons, the court GRANTS Plaintiff's Motion (Dkt. 9) in its entirety and REMANDS the action to the Los Angeles County Superior Court, Case No. 23STCV04388. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: March 29, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge